CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

JAN 12 2007

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Case No. 5:06cr00038-3 |
| ) | |
| v.                      ) | **REPORT AND** |
| )                         | **RECOMMENDATION** |
| NEDA MARIE DAVENPORT, ) | |
| )                         | By:  Hon. James G. Welsh |
| Defendant            )   | U.S. Magistrate Judge |
| ) | |

   The Grand Jury previously returned a multi-count Indictment charging this defendant in Count One with participation in a criminal conspiracy to distribute in excess of fifty (50) grams of cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 846; and in Count Four with participation, either as a principal or as an aider and abetter, in the criminal distribution of 27.7 grams of "crack" cocaine on or about June 21, 2005, in violation of Title 21, United States Code, Sections 841(a) and 841(b)(1)(B) and Title 18, United States Code, Section 2. In connection with these said felony violations, forfeiture of property is also sought from this defendant in Count Twenty-Six, in accordance with the provisions of Title 21, United States Code, Section 853. This defendant was previously arraigned and entered pleas of Not Guilty to each of the charges and, likewise, contested the forfeiture allegations. The defendant having now indicated an intent to change her plea to one or more of the Indictment counts, this case was referred to the undersigned for the purpose of conducting a plea hearing in accordance with the provisions of Title 28 U.S.C. § 636(b)(3).

   The plea hearing was conducted before the undersigned on January 11, 2007. The defendant was, at all times, present in person and with her counsel, Kathleen M. Todd. The United States was

represented by Joseph W. H. Mott, Assistant United States Attorney. The proceedings were recorded by a court reporter. *See* Rule 11(g).

With the defendant's informed and written consent, the undersigned made the following Rule 11 inquiry. The government proffered its evidence for the purpose of establishing an independent basis for the plea, and the defendant entered a plea of guilty to Count One of the Indictment.

### A. DEFENDANT'S RESPONSES TO RULE 11 INQUIRY

The defendant was placed under oath and addressed personally in open court. She expressly acknowledged that she was obligated to testify truthfully in all respects under penalty of perjury, and she stated that she understood the government's right, in a prosecution for perjury or false statement, to use against her any statement that she gives under oath. *See* Rule 11(b)(1)(A).

The defendant testified as follows: her full legal name is Rhonda Carter Dorsey; she was born in 1982; she completed the 10th grade in school; she can read and understand English without difficulty; she has no medical condition (either physical or mental) which she believes might impair her ability to understand and to participate fully in the proceeding; she is using no medication or drugs which she believes might impair her ability to understand and to participate fully in the proceeding; she is not under the influence of any alcohol or medicine or drug of any sort; her mind is clear; and she knew that she was in court for the purpose of entering a plea of guilty which she could not later withdraw. Her attorney represented to the court that she had no reservations about the defendant's competency to enter a plea of guilty.

After confirming that she had received a copy of the Indictment, the defendant testified that she fully understood the charges contained in the Indictment, that she had discussed them with her attorney, that she had been given ample time to do so, that she also had been given sufficient time to discuss any defenses she might have to any of the charges, and that she understood each charge was a felony. *See* Rule 11(b)(1)(G). She testified that she had been given adequate time to prepare any defenses she might have to the charges contained in the Indictment and was fully satisfied with the services of her attorney. She stated that after consultation with her attorney, it was her intention and desire to change her prior plea, to enter a plea of guilty to one of the charges, and for the court now to accept her proposed change of plea to Count One of the Indictment.

The defendant confirmed that she fully recognized and understood her right to have the Rule 11 hearing conducted by a United States district judge, and she gave her verbal and written consent to proceed with the hearing before the undersigned United States magistrate judge. The defendant's written consent was filed and made a part of the record.

The attorney for the government informed the court that the defendant's proposed change of plea was to be made pursuant to a written plea agreement. The government's understanding of the plea agreement was then stated in some detail, including the agreement for the government to dismiss Indictment Counts Four and Twenty-Six to the extent that same applied to the defendant upon acceptance of her plea of guilty to Count One of the Indictment (¶¶ 1- 2), the terms of the agreement's acceptance of responsibility provision (¶ 4), the defendant's obligation to pay the mandatory $100.00 assessment (¶ 5) (*See* Rule 11(b)(1)(L)), the defendant's obligation to provide a financial statement (¶ 7), the defendant's agreement that an advisory sentence should be calculated pursuant to the sentencing

3

guidelines and her agreement that all facts pertinent to a determination of her offense level should be made pursuant to a preponderance of the evidence standard (¶ 3), the defendant's waiver of her right to a jury determination of any sentencing guidelines issues and her agreement for the facts that determine her offense level under the guidelines to be determined by the court pursuant to a preponderance of the evidence standard (¶ 3), the defendant's waiver of her right to appeal any sentence (¶ 8) (*See* Rule 11(b)(1)(N)), the defendant's waiver of any right to make any 28 U.S.C. §2255 attack on the judgment or any part of the sentence in this case (¶ 9) (*See* Rule 11(b)(1)(N)), the agreement's terms regarding any evidence proffer (¶ 6), the terms of the agreement's substantial assistance provision (¶ 13), the agreement's forfeiture provisions (¶¶ 11, 14) (*See* Rule 11(b)(1)(J), and the substance of the agreement's other terms (¶¶ 1, 10, 12, 15-19).

After which, the defendant was again addressed in open court, and she stated that her understanding was the same as that set forth by the government's attorney. Counsel for the defendant also represented that her understanding of the plea agreement was the same as that set forth by the government's attorney, and she further represented that she had reviewed each of the terms of the plea agreement with her client and was satisfied that the defendant understood all of its terms.

The defendant was then shown the original of the plea agreement; and she affirmed it to be her signature on the document. She further testified that no one had made any other, different or additional promise or assurance of any kind in a effort to induce her to enter a plea of guilty in this case and that no one had attempted in any way to force her to plead guilty in the case. The plea agreement was then received, filed and made a part of the record, and the undersigned noted for the record that the written Plea Agreement constituted the best statement of its terms, and as such it "speaks for itself."

The defendant testified that she understood and acknowledged that she was proposing to plead guilty to the felony of participation in a conspiracy to distribute in excess of fifty (50) grams of "crack" cocaine in violation of 21 U.S.C. § 846. *See* Rule 11(b)(1)(G). After the attorney for the government informed the defendant of the mandatory minimum penalty provided by law for the offense charged in Count One of the Indictment, the defendant acknowledged unequivocally that she understood ten (10) years imprisonment to be the mandatory minimum penalty which the court would be required to impose if her plea of guilty was accepted to Count One.[1] *See* Rule 11(b)(1)(I). The attorney for the government further informed the defendant of the maximum possible penalty provided by law for the offense charged Count One of the Indictment, and the defendant expressly acknowledged that she understood the maximum possible penalty provided by law for conviction of the felony set forth in Count One of the Indictment to be confinement in a Federal penitentiary for the remainder of her life and a $4,000,000.00 fine. *See* Rule 11(b)(1)(H). The defendant again testified that she fully understood the charge to which she proposed to plead guilty, that she knew it was a felony; that she knew and understood both the minimum and maximum penalties, including the mandatory special assessment she faced if convicted, and that her plea, if accepted, would result in her being adjudged guilty of the offense which may deprive her of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess any kind of firearm.

The defendant stated that she had discussed with her attorney how the Sentencing Commission Guidelines might apply in her case. She expressly acknowledged her awareness of the fact that the Guidelines were no longer mandatory, but would be applied by the court in an advisory fashion to

---

[1] The defendant was informed that she could be sentenced to less than ten years imprisonment if the government makes a motion pursuant to 18 U.S.C. § 3553(e) on her behalf, or if she qualifies for the "Safety-Valve" set forth in Title 18, Section 3553(f).

determine a reasonable sentence. *See* Rule 11(b)(1)(M); *United States v. Booker*, 543 U.S. 220 (2005); *United States v. Moreland*,.437 F.3d 424 (4th Cir. 2006). She stated that she knew it was within the court's discretion not to apply the advice of the Guidelines and to impose a sentence either higher or lower than called-for in the Guidelines, so long as the sentence was not greater than the statutory maximum for the offense. *See* Rule 11(b)(1)(M)

The defendant testified that she understood the court would not be able to determine the recommended Guideline sentence for her case until after the presentence report had been completed and she and the government each had an opportunity to challenge the facts reported by the probation officer. She acknowledged that she understood, irrespective of any sentence imposed by the court, she would have no right to withdraw her plea of guilty.

She expressly acknowledged her understanding that the court's determination of her sentence would include consideration of multiple factors, including: the nature and circumstances of the offense; the defendant's history and characteristics; the seriousness of the offense; the need to promote respect for the law; the need to provide for just punishment and afford adequate deterrence; the need to protect the public; any determined need to provide the defendant with educational or vocational training, medical care or other correctional treatment in the most efficient manner; the kinds of available sentences; the pertinent sentencing guidelines and policy statements; the need to avoid unwanted sentence disparities; and any need to provide for restitution (*See* Rule 11(b)(1)(K)).

The defendant testified that she knew, by pleading guilty to Count One and stipulating her drug weight responsibility (¶ 4), she was waiving her right to have a jury determine beyond a reasonable

6

doubt the facts alleged in Count One and those related to sentencing. She expressly acknowledged that, pursuant to the plea agreement, she was waiving her right to appeal his conviction, waiving her right to appeal any guideline sentencing issues, waiving her right to appeal any sentence of the court within the Guidelines on the grounds of unreasonableness, and waiving her right to challenge either her conviction or her sentence in any post-conviction proceeding.

The defendant's procedural rights surrendered on a plea of guilty were also explained, including: her right to persist in his previous pleas of not guilty to the offenses charged against her; her right to a speedy trial; her right to a trial by jury; her right to be represented and to have the assistance of counsel at trial and at every other stage of the proceeding; her right at trial to see, to hear, to confront and to have cross-examined all adverse witnesses; her right to be protected from compelled self-incrimination; her right to testify and to present evidence in her defense; her right to the issuance of subpoenas, or compulsory process, to compel the attendance of witnesses to testify in her defense; her presumption of innocence; the obligation of the government to prove her guilt beyond a reasonable doubt; the right on her part to decline to testify unless she voluntarily elected to do so in her own defense; and her right to have a unanimous guilty verdict. *See* Rule 11(b)(1)(B)–(E). The defendant testified that she understood her right to persist in her plea of not guilty and each of the attendant rights that she knew she was giving-up by entering a guilty plea. *See* Rule 11(b)(1)(F).

She testified that she understood she would have no right to withdraw her plea, and would still be bound by her plea, even if the court's sentence is more severe than she expects or if the court does not accept any sentencing recommendation of the government.

The defendant stated that she knew her entry of a plea of guilty would mean that there would be no trial. She stated that she knew there would be only one more hearing, where the presiding district judge would determine whether there was a factual basis for the plea and what sentence to impose.

The defendant was informed and acknowledged that parole had been abolished. She stated that she knew she would not be released on parole in connection with any term of imprisonment imposed by the court. She further stated that she was aware and understood any sentence to a period of imprisonment would also include a term of post-incarceration "supervised release" lasting generally from one to five years. *See* Rule 11(b)(1)(H). In addition, she stated that she knew any violation of the terms and conditions of supervised release could result in her being returned to prison for an additional period of time.

The defendant expressly acknowledged that the entry of a plea of guilty to Count One was an admission of all of the elements of a formal criminal charge, and without equivocation she testified that she was pleading guilty because she was in fact guilty of the crime charged in Count One of the Indictment.

To permit the court to determine that an independent factual basis existed both for the proposed plea and for the drug weight stipulation, by proffer counsel for the government outlined the evidence which the government was prepared to prove at trial. The defendant, both by counsel and individually, then confirmed the accuracy of the government's proffer. And in response to a further inquiry, the

defendant testified that she had heard and understood all parts of the proceeding and that she still wished to plead guilty.

After consultation with her attorney, the defendant waived a reading of Count One of the Indictment and entered a plea of GUILTY to said Count One alleging her violation of Title 21, United States Code, Section 846. The defendant then executed the requisite form, and it was filed and made a part of the record.

In response to further questioning for the purpose of ensuring that her proposed plea was voluntary, the defendant again stated that (other than the promises expressly set forth in the written plea agreement) her plea did not result from any force, threats, or promises of any kind (See Rule 11(b)(2)), that her decision to plead guilty was in all respects voluntary on her part, and that it was being made with the advice and assistance of counsel.

After entering her plea as aforesaid, after an independent basis for her plea had been established and after being informed that the undersigned would recommend acceptance of her plea, the defendant reconfirmed that no one had forced her either to enter into the plea agreement or to plead guilty. She further reconfirmed that, other than the express terms of the plea agreement, no one had made her any promises of leniency or light sentence in order to induce her to plead guilty.

The defendant was continued on bond pending completion of a presentence report.

### B.  GOVERNMENT'S EVIDENCE

To permit the court to determine that an independent factual basis existed for the defendant's proposed plea of guilty to Count One of the Indictment, counsel for the government proffered a detailed oral summary of the evidence which the government was prepared introduce at trial to support the charges against the defendant. This included evidence to support the criminal conspiracy charge as outlined in Count One of the Indictment and the defendant's knowing participation in it. It included evidence that the defendant became involved with Celeste Joseph ("Joseph"), an indicted co-defendant, in 2004, and that in connection with an informant's street purchase of 1.64 grams of cocaine base ("crack") from Joseph on December 28, 2004, Joseph had entered the defendant's residence on Kent Street in Winchester and returned with the "crack in order to complete the sale. At trial the government's evidence would also show that on June 21, 2005 the informant arranged with Joseph to purchase 1 ounce of "crack" for $1,100.00; in connection therewith the informant met Joseph in the Hoss' parking lot located in the Winchester area; the informant then drove Joseph to Big Lots where Joseph placed a cell phone call to the defendant. Joseph and the informant then returned to the Hoss' parking lot and awaited the defendant's arrival. When she arrived, Joseph first got into her car and then returned to the informant's car, delivered 27.7 grams of "crack," and took $1,100.00 in cash from the informant's glove compartment. Government witness would further show that the defendant facilitated other drug transactions by Joseph and that the degree of her involvement in the conspiracy demonstrated a reasonably foreseeable knowledge of "crack" distributions in excess of 50 grams. The weight and content of the substances were all confirmed by laboratory analysis.

### C. FINDINGS OF FACT

Based on the evidence, the representations of counsel, and the defendant's sworn testimony presented as part of the Rule 11 hearing, the undersigned submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering an informed plea;

2. The defendant is fully aware of the nature of the charges and the consequences of her change of plea;

3. The defendant is fully informed, and he understands, the enumerated items set forth in Rule 11(b)(1)(A)–(N);

4. Before entering her plea, the defendant and the government reached a plea agreement which was reduced to writing;

5. Defendant's entry into the written plea agreement and her tender of a plea of guilty to Count One were both made with the advice and assistance of counsel;

6. The defendant's entry of a plea of guilty to Count One was made with knowledge and an understanding both of the nature of the offense and the full range of punishment which might be imposed;

7. The defendant's plea of guilty is fully voluntary and did not result from any force, threats, or promises other than the one promise contained in the plea agreement (*See* Rule 11(b)(2);

8. The plea agreement complies with the requirements of Rule 11(c)(1); and

9. The evidence presents an independent basis in fact containing each essential element of the offense to which the defendant is pleading guilty (*See* Rule 11(b)(3).

### D. RECOMMENDED DISPOSITION

Based on the above findings of fact, the undersigned RECOMMENDS that the court accept defendant's plea of guilty to Count One of the Indictment, that the defendant be ADJUDGED GUILTY

of that said offense, that a sentencing hearing be scheduled before the presiding district judge on April 23, 2007 at 10:30 a.m., and that the government's motion to dismiss Counts Four and Twenty-Six to the extent that same applies to the defendant be granted.

### E.   NOTICE TO PARTIES

Notice is hereby given to the provisions of 28 U.S.C. § 636(b)(1)9(c):  Within ten (10) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of court. The presiding district judge shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made.  The presiding district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned.  The presiding district judge may also receive further evidence or recommit the matter to the undersigned with instructions.

Failure to file timely written objections to these proposed findings and recommendations within ten (10) days could waive appellate review.  At the conclusion of the ten-day period, the Clerk is directed to transmit the record in this matter to the presiding United States district judge.

The clerk is directed to transmit copy of this Report and Recommendation to all counsel of record.

DATED: 12th day of January 2007.

/s/ James Welsh
United States Magistrate Judge